UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on December 16, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. |
| | : |
| v. | : MAGISTRATE NO.: 26-MJ-00013 |
| | : |
| EUGENE CHAPMAN, | : VIOLATION: |
| | : 18 U.S.C. § 922(g)(1) |
| Defendant. | : (Unlawful Possession of a Firearm and |
| | : Ammunition by a Person Convicted of a |
| | : Crime Punishable by Imprisonment for a |
| | : Term Exceeding One Year) |
| | : |
| | : FORFEITURE: |
| | : 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : 28 U.S.C. § 2461(c) |
| | : |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about January 17, 2026, within the District of Columbia, **EUGENE CHAPMAN**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2008-CF3-026682, and 2019-CF3-005030, did unlawfully and knowingly receive and possess a firearm, that is, a Sig Sauer P365, 9mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1)

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Sig Sauer P365, 9mm semi-automatic firearm and 9mm ammunition.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

A TRUE BILL:

By: _____
GAURI GOPAL
Assistant United States Attorney

FOREPERSON.

2